Anjali **MALANEY**, Plaintiff–Appellant,

v.

**ELAL ISRAEL AIRLINES, Yossi Benbassat, Hanna Woskoboinik, Michael Mayer, John Balzer, Haim Romano, Defendants–Appellees.**

No. 08–0503–cv.

United States Court of Appeals, Second Circuit.

May 28, 2009.

Anjali Malaney, Wayne, NJ, pro se, appellant.

Kathryn J. Russo, Roger H. Briton, Jackson Lewis LLP, Melville, NY, for Appellees.

Present: Hon. DENNIS JACOBS, Chief Judge, Hon. AMALYA L. KEARSE and Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff–Appellant Anjali Malaney, *pro se*, appeals from an order of the United States District Court for the Southern District of New York converting Defendants–Appellees' motion to dismiss into a motion for summary judgment, granting the converted motion, and dismissing the complaint. Malaney, who is Hindu and of Indian descent, claims she was discrimi-

774

nated against by her former employer on the basis of race, national origin, and religion in violation of Title VII, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

We review the district court's summary judgment decision *de novo. See Roe v. City of Waterbury,* 542 F.3d 31, 35 (2d Cir.2008). Summary judgment is appropriate if "there is no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

■■■■■ A district court may convert a motion to dismiss into a summary judgment motion if the court gives "sufficient notice to an opposing party and an opportunity for that party to respond." *Groden v. Random House, Inc.,* 61 F.3d 1045, 1052 (2d Cir.1995); *see also Beacon Enters. Inc. v. Menzies,* 715 F.2d 757, 767 (2d Cir.1983) ("Notice is particularly important when a party is proceeding *pro se* . . . ."). "The essential inquiry is whether the appellant should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings." *Groden,* 61 F.3d at 1052–53 (quoting *In re G. & A. Books, Inc.,* 770 F.2d 288, 294–95 (2d Cir.1985)). Here, the Defendants' motion to dismiss expressly informed Malaney that, in the alternative, they sought summary judgment. And in connection with their alternative request for summary judgment, Defendants gave Malaney explicit notice, in accordance with *McPherson v. Coombe,* 174 F.3d 276, 280–82 (2d Cir.1999), *Vital v. Interfaith Medical Center,* 168 F.3d 615, 620–21 (2d Cir.1999), and authorities cited

therein, of the nature of the showing she needed to make in order to defeat summary judgment and the consequences of a failure to respond to that motion. Among other things, the notice expressly stated (in bold print), "THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION . . . ." Malaney had ample warning that she needed to respond to the motion and ample time to submit additional evidence (which she did). She received sufficient notice and the district court's conversion of the motion was appropriate.

■■■■■ Malaney argues that her discrimination claims were not barred by the release she signed prior to termination because the release was invalid and executed under duress. "[T]he validity of a release is a peculiarly fact-sensitive inquiry. We employ a 'totality of the circumstances' test to determine whether a release . . . is knowing and voluntary." *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437–38 (2d Cir.1998). In determining whether a release is valid, we consider: "(1) the plaintiff's education and business experience; (2) the amount of time the plaintiff had possession of or access to the agreement before signing it; (3) the role of plaintiff in deciding the terms of the agreement; (4) the clarity of the agreement; (5) whether the plaintiff was represented by or consulted with an attorney, and (6) whether the consideration given in exchange for the waiver exceeds employee benefits to which the employee was already entitled by contract or law." *Id.* (internal quotations omitted).

The evidence shows that: (1) Malaney's sixteen years as a ticket salesperson provided sufficient business experience to allow her to comprehend the terms of the release; (2) she had four months to consider the release prior to signing it; (3) the

language of the release was clear and unambiguous; (4) the release explicitly advised her to consult with an attorney prior to agreeing to its terms; and (5) she received $26,760.08 as consideration. As the district court observed, Malaney "offered no evidence indicating that the release was in any way invalid," or executed under legally cognizable duress. As such, all claims arising from conduct predating the release were properly dismissed on summary judgment.

██ ██ Malaney argues that she was retaliated against by her former employer. To demonstrate a *prima facie* retaliation claim, a plaintiff must show *(inter alia)* that she participated in a protected activity which gave rise to the retaliation. *See Jute v. Hamilton Sundstrand Corp.,* 420 F.3d 166, 173 (2d Cir.2005). Malaney's complaints to her supervisor and union did not include allegations of discrimination or other unlawful employment practices sufficient to demonstrate participation in a protected activity. *See Wimmer v. Suffolk County Police Dep't,* 176 F.3d 125, 134 (2d Cir.1999) (requiring a plaintiff to have a reasonable, good faith belief that the employment practice complained of is unlawful in order to demonstrate participation in a protected activity). Under those circumstances, Malaney failed to state a *prima facie* retaliation claim.

We have reviewed Appellant's remaining arguments and find them to be without merit. For the reasons stated above, the order of the district court is AFFIRMED.